UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DARRYL TURNER,** | ) | CASE NO. 3:14 CV 1180 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **KEVIN JONES, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

This case is before the Court on the Report and Recommendation of Magistrate Judge James R. Knepp II ("R&R"). (**Doc #: 14**.) The Magistrate Judge recommends that the Court dismiss as time-barred the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (**Doc #: 1**). (Id.) The Court has reviewed the R&R, the Petitioner's Objections (**Doc #: 17**), and the record and is prepared to issue its ruling.

**I.**

Based on the attempted June 6, 1994 drive-by shooting of Jerome Caffey that resulted in the death of Vivian Johnson and injury to Sharon McGill, a jury convicted Petitioner[1] of complicity to commit involuntary manslaughter, attempted aggravated murder, improperly discharging a firearm into a habitation, and felonious assault. Petitioner was sentenced to an aggregate term of 30 years to life on October 18, 1994. His convictions were affirmed on December 8, 1995.

---

[1] Petitioner was indicted along with co-defendants Shawn Caston and DeWitt McDonald, Jr., each of whom was tried separately.

On March 25, 2002, Petitioner filed a motion for leave to file a delayed motion for new trial – which motion was based on the December 2001 affidavit of Krista Harris who recanted her trial testimony from Petitioner's and co-defendant DeWitt's trials and averred that she had a non-consensual sexual relationship with Kevin Baxter, who prosecuted Petitioner, saying that she was forced to testify falsely in those trials.  The motion was also supported by the success of co-defendant Caston's federal habeas petition and his receipt of a reduced sentence after pleading to involuntary manslaughter.  The State opposed the motion with a plethora of evidence discrediting Ms. Harris.  (See R&R at 7.)  On May 2, 2003, the trial court denied Petitioner's motion without an opinion.  <u>Petitioner did not appeal this ruling and the deadline for him to file a § 2254 petition expired in 2004</u>.

Nonetheless, on August 13, 2010, Petitioner filed a second motion for leave to file a delayed motion for new trial.  This motion was based, again, on Harris' affidavit, along with the affidavit of Baxter's ex-wife, polygraph examination reports of Shawn Caston and Kevin Baxter's brother, and the R&R in McDonald's § 2254 petition which was granted, but later reversed by the Sixth Circuit.  (See R&R at 7-8.)  Following briefing, the trial court denied the motion on February 9, 2011.  On June 10, 2011, Petitioner filed a motion for relief from judgment claiming timely service had not been made.  The trial court granted relief on June 27, 2011, and directed the Clerk of Court to re-enter the February 9, 2011 judgment on the docket to allow Petitioner a chance to timely appeal the trial court's decision.  On July 27, 2011, Petitioner timely filed a notice of appeal containing the two grounds for relief asserted in the pending Petition: a *Brady* violation and a Due Process claim arising from the state court's denial of his motion for new trial without conducting an evidentiary hearing or reviewing the trial transcript.

On February 15, 2012, the Sixth District appeals court struck Petitioner's brief from the record and dismissed the appeal after finding that the attorney signature on the brief was a forgery. <u>Petitioner did not appeal this ruling, and the time for appealing this decision to the Ohio Supreme Court expired on April 2, 2012</u>.

On March 28, 2012, Petitioner filed a *pro se* motion to reinstate the appeal. Attached to that motion were two affidavits: (1) the affidavit of Bishop Richard E. Cox, the Redress Director of the Actual Innocent Project of the Southern Christian Leadership Conference, who explained why Petitioner signed the merits brief the way he did, and (2) the affidavit of Petitioner, who confirmed what Bishop Cox told him to do and averred that Cox had told him that counsel had *personally* conveyed the instruction for signing the brief. On April 25, 2012, the appeals court denied the motion as untimely because it was not filed pursuant to Ohio App.R. 26(A)(1) and, alternatively, there was no admissible evidence that his attorney had authorized him to sign her name. <u>Petitioner did not appeal this decision to the Ohio Supreme Court</u>.

On January 28, 2013, Petitioner filed a motion for delayed appeal from the denial of his second delayed motion for new trial pursuant to Ohio App. R. 5(a), raising the same grounds set forth in his previously stricken brief. The Sixth District appeals court denied the motion based on *res judicata* on March 27, 2013. On May 2, 2013, Petitioner appealed this ruling to the Ohio Supreme Court, which declined jurisdiction without opinion on September 4, 2013.

On May 26, 2014,[2] Petitioner filed the pending § 2254 Petition alleging the *Brady* and Due Process violations raised in his second motion for leave to file a delayed motion for new

---

[2] Actually, Petitioner filed a civil cover sheet on May 26, 2014, but didn't file the Petition until June 2, 2014.

trial. The State filed a Return of Writ arguing that the Petition is untimely, and that equitable tolling does not apply. (Doc #: 9.) Petitioner filed a Traverse asserting the following three arguments. (Doc #: 12.) First, he argued that his Petition was timely under 28 U.S.C. § 2254(d)(1)(D), AEDPA's factual-predicate provision.[3] However, he failed to identify the date when the AEDPA statute was triggered, if or when the one-year period was statutorily tolled, and when the AEDPA statute expired. Second, he argued that he made a credible showing of actual innocence via the evidence described *supra* at 2. Third, he argued that counsel's failure to corroborate his assertion that she authorized his signature on the March 28, 2012 motion to reinstate the appeal prevented him from diligently pursuing his actual innocence claim.

The Magistrate Judge, in a thorough, well-written decision, addressed each and every one of the arguments set forth in the Traverse. In response, Petitioner filed a 32-page Objection that dwarfs his Traverse by 20 pages. Therein, he ignores the calculation of the AEDPA limitations statute the Magistrate Judge made using Petitioner's factual-predicate provision, and he merely repeats and expounds upon the arguments he made with respect to equitable tolling and the actual innocence claim. Normally, this would not require *de novo* review. However, Petitioner now raises an argument regarding the AEDPA limitations statute that is entirely new.

---

[3]In Petitioner's own words,

Respondent neglects to acknowledge 28 U.S.C. § 2244(d) law that holds that Turner's "claim of newly discovered evidence may implicate 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the one-year limitation period commences to run from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *Carter v. Maclaren*, 2012 U.S. Dist. LEXIS 64137, *11 (W.D.MI No. 2:12-CV-160.

(Doc #: 12 at 9.)

Consequently, the Court will address the Magistrate Judge's AEDPA calculation and Petitioner's new argument.

*Giving Petitioner every benefit of the doubt*,[4] the Magistrate Judge found that Petitioner's grounds for relief accrued at the very latest on March 16, 2010[5] – and concluded that the AEDPA one-year statute of limitations ran for 149 days until August 13, 2010, when Petitioner filed his second delayed motion for a new trial. The Magistrate Judge determined that the statute was then tolled during the pendency of this motion until the Sixth District appeals court dismissed Petitioner's appeal of the trial court's denial of his second delayed motion for a new trial on February 15, 2012. The Magistrate Judge found that the statute began running again on April 2, 2012, the expiration of the 45-day period in which to seek review in the Ohio Supreme Court – and ran uninterrupted for the remaining 216 days of the one-year period until November 5, 2012. Since Petitioner filed the Petition on March 26, 2014, the Magistrate Judge concluded that the Petition is time-barred.

The Court, having reviewed the record, agrees with the Magistrate Judge's calculation of the AEDPA deadline using the factual-predicate provision espoused by Petitioner in the Traverse, and with the Magistrate Judge's conclusion that the Petition is time-barred. The Court

---

[4] See R&R at 12-14.

[5] This factual-predicate date was taken from the Traverse:

> On February 11, 2010 Petitioner Turner was first made aware of the sworn affidavit of Ms. Baxter Cones. . . . Inclusive of Petitioner Turner's February 11, 2010 discovery of the newly discovered evidence of Ms. Baxter Cones, on March 16, 2010 Turner received copies of the polygraph examination of cl-defendant Shawn Caston and Edward J. Baxter, brother of Prosecutor Baxter.

(Doc #: 12 at 6.)

also agrees with the Magistrate Judge's conclusions that Petitioner has failed to show that equitable tolling applies or to make a showing of actual innocence.

Petitioner now asserts that a state-created impediment, under 28 U.S.C. § 2254(d)(1)(B), prevented him from timely filing his § 2254 Petition. According to Petitioner, the state-created impediment is counsel's failure to corroborate that she authorized Petitioner to sign the motion to reinstate his appeal, and the state court's ruling against him. Petitioner now argues that this impediment prevented him from filing a timely § 2254 petition. (See Objection at 12-14.) There are several problems with this argument.

A district court has discretion to decline to consider a petitioner's argument that he did not present to the magistrate judge, but raised for the first time in an objection to the magistrate judge's report and recommended ruling. See, e.g., *Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). The Court declines to entertain this argument, which is meritless in any event..

To articulate a state-created impediment, the Petitioner must establish that (1) he was prevented from filing a federal habeas petition, (2) by State action, (3) in violation of the Constitution or federal law. *Neff v. Brunsman*, No. 1:06 CV 135, 2007 WL 912122, at *7 (N.D. Ohio Mar. 23, 2007) (citations omitted). There must be a causal connection between the allegedly unconstitutional state action that prevented him from filing a timely petition. *Id*. (citation omitted). "For example, § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating his counsel was ineffective in perfecting or pursuing an appeal requested by him and such ineffectiveness actually prevented from filing a timely habeas petition." *Id*. (citations omitted). That does not apply here, where Petitioner is not entitled to

-6-

counsel for state collateral review.  Nor does Petitioner claim that he was denied access to the law library or that some action by a state correctional facility or a clerk of court prevented him from timely filing his § 2254 petition.  Rather, he contends, again, that counsel's failure to confirm that she directed him to sign her name to his motion to reinstate the appeal – and the state court's failure to find in his favor based on Bishop Cox's affidavit – constitutes a state-created impediment.  He cites no case law in support.  That is because there is no case law supporting the proposition that either a counsel's failure to corroborate a client's forged signature or an adverse ruling by a state court constitutes a state-created impediment for purposes of the AEDPA statute of limitations.

## II.

Based on the foregoing, the Petitioner's Objections (**Doc #: 17**) are **OVERRULED**, the R&R (**Doc #: 14**) is **ADOPTED** in its entirety, and the Petition (**Doc #: 1**) is dismissed as time-barred.

**IT IS SO ORDERED.**

 /s/ Dan A. Polster     September 12, 2016
**Dan Aaron Polster**
**United States District Judge**